UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. URENO, SR., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | ) 1:10cv2163 SKO <br> ) <br> ) <br> ) ORDER GRANTING DEFENDANT'S <br> ) MOTION TO DISMISS PLAINTIFF'S <br> ) COMPLAINT <br> ) <br> ) (Doc. 11) <br> ) <br> ) <br> ) <br> ) <br> ) |

## BACKGROUND

Plaintiff Jose A. Ureno, Sr. ("Plaintiff") seeks judicial review of a decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. 42 U.S.C. § 405(g). On April 1, 2011, Defendant filed a motion to dismiss Plaintiff's complaint for lack of jurisdiction. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## FACTUAL BACKGROUND

On September 8, 2009, an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled and issued a decision denying his application for disability benefits. (Doc. 11-1, ¶ 3(a),

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 8, 9.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305.

1

1  Exh. 1.) The Notice of Decision indicated that Plaintiff could file a request for review with the
2  Appeals Council within 60 days from the date of receipt of the notice. (Doc. 11-1, Exh. 1, p. 1.)
3  This notice is presumed to be received within five days of the date of the decision unless Plaintiff
4  can show that it was not received within that period. 20 C.F.R. §§ 404.901, 416.1401. The Appeals
5  Council will dismiss a late request for review unless good reason for not filing is shown. 20 C.F.R.
6  §§ 404.968(b), 416.1468(b). Based upon the mailing date of the decision, Plaintiff had until
7  November 12, 2009, to file a timely appeal.

8  According to Sylvia Lopez, Plaintiff's counsel at the time of the decision, neither she nor
9  Plaintiff received a copy of the unfavorable decision at the time of mailing. (Doc. 14, ¶ 5.) Ms.
10 Lopez contacted the Fresno Office of Disability Adjudication and Review on February 23, 2010,
11 learned that a decision had been issued in September 2009, and requested and received a facsimile
12 transmission of the decision. (Doc. 14, ¶¶ 4-5.) On March 1, 2010, Plaintiff, through his counsel,
13 submitted a request for review of the hearing decision with a good cause statement for the late filing.
14 (Doc. 11-1, ¶3(b), Exh. 2.) Plaintiff and Ms. Lopez declared that the ALJ's decision dated
15 September 8, 2009, was not served at that time and that they first became aware of the decision on
16 February 23, 2010. (Doc. 11-1, ¶3(b), Exh. 2.)

17 On September 16, 2010, the Appeals Council issued an order dismissing Plaintiff's request
18 for review due to Plaintiff's untimely filing. (Doc. 11-1, ¶3(c), Exh. 3.) The Appeals Council
19 considered the explanations provided by Plaintiff and his counsel in support of their late request for
20 review but found that "these reasons do not provide adequate bases for the untimeliness of these
21 actions." (Doc. 11-1, ¶3(c), Exh. 3.) Accordingly, the Appeals Council dismissed Plaintiff's request
22 for review because there was "no good cause to extend the time for filing." (Doc. 11-1, ¶3(c),
23 Exh. 3.)

24 On November 19, 2010, Plaintiff filed a complaint before this Court seeking review of the
25 ALJ's decision. On April 1, 2011, Defendant filed a "Motion to Dismiss Plaintiff's Complaint" for
26 lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

27
28

**DISCUSSION**

The Commissioner moves to dismiss this case, asserting that Plaintiff failed to exhaust his administrative remedies with respect to his claim for benefits, which is required for court review pursuant to 42 U.S.C. § 405(g). Defendant contends that in order for Plaintiff to have exhausted his administrative remedies, he must have obtained a final decision from the Appeals Council regarding his appeal of the ALJ's decision. However, the Appeals Council's dismissal of an untimely request for review is not a final decision that is subject to judicial review. This Court thus lacks jurisdiction to consider Plaintiff's complaint.

In opposition, Plaintiff argues that the Commissioner bears the burden of proof regarding the affirmative defense of failure to exhaust administrative remedies. As such, the Court is permitted to review Plaintiff's assertion of good cause for the late filing and to excuse the time limits. Thus, the Court has jurisdiction to review the Appeals Council's dismissal of Plaintiff's request for review.

**A.      Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, (1994). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the Court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B.      Exhaustion Requirement**

Section 405 governs judicial review of final decisions denying claims under Title XVI of the Social Security Act (the "Act") and provides in pertinent part:

> (g) Judicial Review.  Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .
>
> (h) Finality of Commissioner's decision. . . . No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405.

In claims arising under the Act, judicial review is permitted only in accordance with Section 405(g). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 244 (1940).  "Sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475.  The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1983).  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Where a statute creates a right, including a right to sue, and provides a special remedy, "that remedy is exclusive." *United States v. Babcock*, 250 U.S. 328, 331 (1919). As such, Section 405(g) is the exclusive jurisdictional basis for judicial review of cases arising under the Act.

Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Commissioner of Social Security made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  The term "final decision" is not defined by the Act and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. §§ 404.900(a), 416.1400(a).

The first step is an initial determination, which is binding unless a claimant requests the second step of reconsideration.  20 C.F.R. § 404.905.  If the claimant is dissatisfied with the

4

reconsideration determination, the third step requires that the claimant proceed to a hearing before an ALJ; the ALJ's decision is binding if a claimant does not seek the fourth step of Appeals Council review. *See* 20 C.F.R. §§ 404.955, 416.1455. If the claimant seeks Appeals Council review, the Appeals Council may deny the request, making the ALJ's decision final, or review the case and make a decision. 20 C.F.R. §§ 404.967, 404.981. The Appeals Council's decision, or the ALJ's decision if the request for review is denied, is binding unless an action for federal district court review is filed within 60 days after receiving notice of the Appeals Council's action. 20 C.F.R. §§ 404.981, 422.210. Under the regulations, a claimant has exhausted his administrative remedies, and a judicially reviewable final decision is available, only if the claimant completes the administrative review process and receives either an Appeals Council decision or an Appeals Council notice that a request to review the ALJ's decision has been denied. 20 C.F.R. §§ 404.981, 422.210.

**C.    Analysis**

Although Plaintiff asserts that Defendant has the burden to prove the defense of failure to exhaust administrative remedies, it is in fact the plaintiff's burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377. Further, "lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

Defendant moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. In the context of a Social Security appeal case, federal court jurisdiction depends upon whether the action by the Appeals Council constitutes a final decision under section 405(g). *Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990); 42 U.S.C. § 405. As noted, the term "final decision" is not defined by the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Salfi*, 422 U.S. at 767; *see also Matlock*, 908 F.2d at 493.

In *Matlock*, the plaintiff filed his request for Appeals Council review of the ALJ's decision 18 months after the notice of the decision, requesting an extension of the 60-day filing period because he had been incarcerated at the time. *Matlock*, 908 F.2d at 492-93. The Appeals Council

dismissed the request for review, concluding that the plaintiff had not demonstrated good cause to toll the 60-day filing period. *Id*. at 493. The plaintiff then filed his complaint in the district court, seeking review of the Appeals Council's dismissal. *Id*. The Ninth Circuit concluded that the district court lacked jurisdiction to review the Appeals Council's discretionary refusal to consider an untimely request for review, determining that while Social Security regulations "do not distinguish between a decision on the merits and a denial of review, . . . they do distinguish between *denial* of review and a *dismissal* of an untimely request for review." *Id*. at 494 (citing 20 C.F.R. §§ 416.1481, 416.1472). Accordingly, "Appeals Council decisions to refrain from considering untimely petitions for review are not final decisions subject to review in federal court." *Id*. at 493; *see also* 20 C.F.R § 416.1472 ("The dismissal of a request for Appeals Council review is binding and not subject to further review.") As such, federal courts are "lacking" jurisdiction to consider dismissals by the Appeals Council of untimely petitions. *Matlock*, 908 F.2d at 493. Further, permitting federal courts to review denials by the Appeals Council for a lack of good cause "would frustrate Congress' intent 'to forestall repetitive or belated litigation of stale eligibility claims.'" *Id*. at 494 (citing *Sanders*, 430 U.S. at 108.)

Plaintiff argues that *Matlock* is not controlling in that the plaintiff in *Matlock* conceded that he did not appeal until 18 months after the ALJ decision, well past the 60 days in which to file a request for review. (Doc. 13, 4:14-16.) Here, in contrast to *Matlock*, Plaintiff argues that he did not receive notice of the ALJ's decision when it was initially sent. Plaintiff contends that *McNatt v. Apfel*, 201 F.3d 1084 (9th Cir. 2000) is a closer fit.

In *McNatt*, the Ninth Circuit reviewed the district court's dismissal and finding that it lacked subject matter jurisdiction due to the plaintiff's failure to exhaust administrative remedies. *McNatt*, 201 F.3d at 1086. The court analyzed 20 C.F.R. § 404.957, which provides that an ALJ may dismiss a hearing request when neither the claimant nor his representative appears at the hearing. *Id.* at 1087-88. While the plaintiff had not appeared at the hearing, his representative had, and the court found that the ALJ should have offered to postpone the hearing. *Id*. at 1088. The Ninth Circuit reversed the district court's decision and held that when a claimant has appeared through his representative before the ALJ and seeks a continuance of his hearing, and when the ALJ's decision

1  denying the claim is final except for modification or reversal on appeal, then the claimant has

2  fulfilled the hearing requirement of Section 405(g) which is intended to insure that claimants do not

3  bypass the administrative procedures. *Id*. at 1087. As such, the plaintiff was seeking judicial review

4  of a final decision made after a hearing, and the district court had subject matter jurisdiction to

5  review the decision of the ALJ. *Id*. The court found that

> [I]t does not follow that because a claimant who refuses to participate in a hearing forfeits judicial review, a claimant who appears at a scheduled hearing through counsel and seeks a continuance also forfeits review. We believe that "[i]t would be curious indeed if the Secretary could foreclose judicial review, for whatever reason, by merely denying the claimant a hearing" and that "[t]his concern is heightened where, as here, the claimant alleges that the agency denied him a hearing in violation of its own regulations."

*Id*. (quoting *Howard v. Heckler*, 661 F.Supp. 654, 656 (N.D.Ill.1986)).

Here, Plaintiff argues that "[i]t would be curious if the Commissioner could foreclose review of [Plaintiff's] claim for benefits merely by denying him the opportunity to have the ALJ decision reviewed on the merits by the Appeals Council." (Doc. 13, 5:15-17.) Plaintiff thus asserts that because the Ninth Circuit found jurisdiction in *McNatt*, this Court has jurisdiction to consider Plaintiff's claims. However, *McNatt* analyzed a decision made by the ALJ pursuant to 20 C.F.R. § 404.957, which pertains to a dismissal of a hearing request when neither the claimant nor his representative appear at the hearing. The court found that since the plaintiff's counsel had in fact appeared although the plaintiff was unable to appear, the ALJ should have offered to postpone the hearing. *Id*. at 1088. The Ninth Circuit noted that when a claimant simply refuses to attend a hearing, either in person or through counsel, he is not entitled to judicial review of the dismissal for failure to attend. *Id*. at 1087. However, the court found that

> when a claimant has appeared before the ALJ and sought a continuance of his or her hearing, and when the ALJ's decision denying the claim is final except for modification or reversal on appeal, claimant has had a hearing within the meaning of [42 U.S.C.] § 405(g). We therefore conclude that McNatt is seeking judicial review of a "final decision ... made after a hearing," and that the district court had jurisdiction to review the decision of the ALJ

*Id*.

The facts in the instant case are not analogous with the facts in *McNatt*. Instead, the facts here fall firmly into the facts and holding of *Matlock*, which, as noted, held that the court lacks

jurisdiction to consider a dismissal, as opposed to a denial, by the Appeals Council. Here, as in *Matlock*, Plaintiff filed an untimely request for review by the Appeals Council, which dismissed Plaintiff's claims. Plaintiff's attempt to distinguish *Matlock* is not persuasive; Plaintiff argues that the appeal in *Matlock* was filed 18 months after the ALJ's decision while Plaintiff here did not receive timely notice and filed a late appeal within days of first learning of the ALJ's decision. However, courts have repeatedly applied *Matlock* and found that jurisdiction was lacking for court review of an Appeals Council dismissal of a claimant's request to file a late appeal. *See, e.g.*, *Simpson v. Astrue*, No. 1:10cv0337 DLB, 2011 WL 220040, at *1 (E.D.Cal. Jan. 21, 2011) (finding that the district court lacked jurisdiction when the Appeals Council had rejected the plaintiff's appeal because it had been improperly filed); *Russel v. Astrue*, No. CV 09-5299-PJW, 2011 WL 147900, at *1 (C.D.Cal. Jan. 18, 2011) (finding that the district court lacked jurisdiction because the Appeals Council dismissed the plaintiff's request for review as untimely despite the fact that the plaintiff alleged that she had not received notice of the ALJ's decision until after the time to file a request for review had passed).[2]

The Court notes that there is an exception to the rule that a district court is precluded from reviewing a non-final decision if the petition is challenged on constitutional grounds. *See Sanders*, 430 U.S. at 109 ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."); *Evans v. Chater*, 110 F.3d 1480, 1482-83 (9th Cir. 1997). The Court further notes that Plaintiff indicated he should be allowed to file an amended complaint to allege a deprivation of due process. (Doc. 13, 3:8-10.) However, Plaintiff fails to raise any due process arguments and cites to no authority to support a due process claim.[3] A "mere allegation" of a due process violation does

---

[2] *See also Larsen v. Comm'r Social Sec. Admin.*, 328 Fed.Appx. 578, 579 (9th Cir. 2009) (affirming the district court's conclusion that it lacked jurisdiction and finding that the plaintiff's "reliance on *McNatt* . . . [wa]s misplaced."). While unpublished decisions are not precedent, unpublished dispositions and orders of the Ninth Circuit issued on or after January 1, 2007, may be cited to the courts of the circuit. 9th Cir. R. 36-3(b).

[3] To the extent that Plaintiff is asserting that he was denied due process because he did not receive notice of the ALJ's decision, there is a presumption that notice of decision is received within five days of the date it was issued. 20 C.F.R. §§ 404.901, 416.1401. Plaintiff failed to submit a declaration that the notice was sent to an incorrect address or to submit any evidence that would overcome the presumption.

not establish federal jurisdiction. *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir.1992); *see also Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir.2001) (claimant did not establish jurisdiction under 42 U.S.C. § 405(g) where she raised "no explicit constitutional claims").

Here, as in *Matlock*, Plaintiff seeks review of the Appeals Council's dismissal of the request for review for untimely filing. For the reasons stated, this Court lacks jurisdiction to consider Plaintiff's claims.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and the action is dismissed with prejudice.

IT IS SO ORDERED.

**Dated:   May 16, 2011**                      /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE